IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN A. DRAUGHON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-02-1679 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice-Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER GRANTING RESPONDENT'S
MOTION TO STAY JUDGMENT**

On September 30, 2004, this court entered an order and judgment granting in part Martin Draughon's petition for a writ of habeas corpus. The Fifth Circuit affirmed. Dretke now seeks a stay of the judgment pending his petition for a writ of certiorari. Draughon does not oppose this motion.[1]

**A.    Stay of Judgment**

Rule 23(c) of the Federal Rules of Appellate Procedure creates a presumption that a successful habeas petitioner should be released from custody, but also permits a district court to stay its judgment. This court has broad discretion to grant or deny a stay. *See Hilton v. Braunskill*, 481 U.S. 770, 774–75 (1987).

---

[1] Additionally, Dretke's motion to substitute counsel (Docket Entry No. 141) is granted; Margaret Schmucker is withdrawn and Tina J. Dettmer is substituted as Attorney in Charge for Dretke.

In *Hilton*, the Supreme Court identified four factors to consider in weighing a request for a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776.

### 1. *Likelihood of Success on the Merits*

The likelihood of Dretke's success on the merits of his appeal depends on his argument that this court wrongly decided to grant relief. It is self-evident that this court disagrees with the proposition that the petition was wrongly decided. Nonetheless, the court acknowledges the possibility that the Supreme Court could disagree about the prejudicial impact of ballistics evidence presented in this court.

In *Hilton*, the Supreme Court observed that

> [w]here the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release.

*Id.* at 778. While the State's likelihood of success is questionable, the State does have " a substantial case on the merits."

### 2. *Irreparable Injury*

The State may face irreparable injury if Draughon is released. While there is no specific evidence that Draughon poses a flight risk if released, the fact remains that he is

currently under a death sentence. If the grant of habeas relief is ultimately affirmed, Draughon will either face a retrial for capital murder with a possible death sentence, or a retrial for felony murder with a possible life sentence. These sentencing possibilities give Draughon obvious incentive to flee, which poses a risk of irreparable injury to the State. The State also faces the prospect of harm if it undertakes the expense of retrying Draughon and then prevails on appeal to the Supreme Court, rendering the retrial unnecessary. Because Draughon faces a significant term of incarceration or death regardless of the outcome of the State's appeal, the State's claim of irreparable injury is made stronger.

### 3. *Public Interest*

The public interest also weighs in favor of granting the stay. By Draughon's own admission, he is guilty of murder; the only question raised by the new ballistics evidence is whether he is guilty of capital murder or felony murder. During the sentencing phase of Draughon's capital murder trial, the jury determined that Draughon posed a threat of future dangerousness to society, a factor this court appropriately considers. *Hilton*, 481 U.S. at 779. Considering the crime for which Draughon was convicted and the jury's determination on future dangerousness, the public interest is better served by allowing the State to hold Draughon pending appeal.

In sum, the State has a substantial case on the merits and faces possible irreparable injury if the stay is denied, and the public interest is best served by Draughon remaining in custody pending appeal. Dretke's motion for a stay is granted.

Respondent's Motion For Stay Of Judgment (Docket Entry No. 140) is granted. The judgment of this court is stayed pending the Supreme Court's final decision on Dretke's appeal.

SIGNED on December 30, 2005.

_____
Lee H. Rosenthal
United States District Judge